| | |
|---|---|
| Thomas Darby, ) | C/A No. 5:12-2351-CMC-PJG |
| Plaintiff, ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| County of Orangeburg; Tax Administration Office, ) | |
| Defendants. ) | |

The plaintiff, Thomas Darby, ("Plaintiff"), a self-represented litigant, brings this civil action against the County of Orangeburg, South Carolina, and its tax administration office. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff has paid the $350 filing fee. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be dismissed for lack of subject matter jurisdiction.

## BACKGROUND

Plaintiff alleges that his address is 388 Fair Street in Orangeburg, South Carolina.[1] (See Compl., ECF No. 1 at 2.) Plaintiff's entire statement of claim is:

> Property records mismanagement with the full use of property of 388 Fair Street. Property falsification for the purchasing of property from Willie Smith. There is no record in the Tax Assessor's Office showing the sum of property that was purchased from Willie Smith which was 23 acres which was redeemed before sold to Thomas Darby by Willie Smith. And, also, rights of

---

[1] This court takes judicial notice that Plaintiff previously has brought similar lawsuits in this court. See, e.g., Darby v. Orangeburg Cnty., S.C. (Property Tax Office), C/A No. 5:07-1783-CMC-BM, 2007 WL 2156592 (D.S.C. July 24, 2007); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"). However, at this initial review stage, his prior actions are not considered as a bar to this case.



> having residence in Orangeburg, S.C. that could show property owner. Instead the County has used all of its access to destroy the credibility of my business as well as my rights[.]

(Id. at 3.) Plaintiff seeks the following relief:

> I want the Court to give the district of Orangeburg the reminding of its obligation as a county administrator not a State administrator, and hold the County Administrative Office responsibility for the responsibility of the lost of funds that could escalate to millions of dollars; settling for the sum of $5 millions.

(Id. at 5.)

## INITIAL REVIEW GENERALLY

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint. This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under

*PJG*

Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

Moreover, even when the filing fee is paid, the court possesses the inherent authority to dismiss frivolous complaints. See Ross v. Baron, No. 12-1272, 2012 WL 3590914, at *1 (4th Cir. Aug. 22, 2012); see also Mallard v. U.S. Dist. Court for S. Dist. of Iowa, 490 U.S. 296, 307-08 (1989) ("Section 1915(d) . . . authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision.").

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998); see also Nat'l Fed'n of Indep. Bus. v. Sebelius, 132 S.Ct. 2566, 2576 (2012) (explaining that the federal government possesses only limited powers). Because federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. Pinkley, Inc. v. City of Frederick, 191 F.3d 394, 399 (4th Cir. 1999). Accordingly, a federal court is required *sua sponte* to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." Bulldog Trucking, Inc., 147 F.3d at 352; see also

Page 3 of 7

PJG

Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). "[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint." Pinkley, Inc., 191 F.3d at 399. To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the Complaint provide "a short and plain statement of the grounds for the court's jurisdiction[.]" If, however, the Complaint does not contain "an affirmative pleading of a jurisdictional basis[,] a federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." Id. Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999). If the court, viewing the allegations in the light most favorable to Plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. Id.

If a plaintiff's complaint pleads a colorable claim arising under the Constitution or laws of the United States, he invokes federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331.[2] See Holloway v. Pagan River Dockside Seafood, Inc., 669 F.3d 448, 452-53 (4th Cir. 2012). However, if the alleged federal claim is "'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy,'" then subject matter jurisdiction does not exist. Id. (citation omitted).

---

[2] Diversity subject matter jurisdiction is not applicable to this case because the Complaint does not allege complete diversity of parties. See Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC, 636 F.3d 101, 103 (4th Cir. 2011); 28 U.S.C. § 1332.



## DISCUSSION

In the instant case, the only potential federal claim that Plaintiff may be attempting to allege is one pursuant to 42 U.S.C. § 1983 which requires two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). However, negligent conduct is not actionable as a constitutional violation pursuant to § 1983. See Daniels v. Williams, 474 U.S. 327, 328-36 & n.3 (1986); Davidson v. Cannon, 474 U.S. 344, 345-48 (1986); Ruefly v. Landon, 825 F.2d 792, 793-94 (4th Cir. 1987); Pink v. Lester, 52 F.3d 73, (4th Cir. 1995) (finding that, "[t]he district court properly held that Daniels bars an action under § 1983 for negligent conduct[.]"). Plaintiff's allegation of mismanagement of records sounds in negligence, and as such, he does not allege a colorable claim of a constitutional violation by the defendants.

If Plaintiff's allegations in the Complaint may be liberally construed to allege some type of deliberate conduct by the defendants, the allegations still are so lacking in specificity or are so insubstantial and conclusory that they do not involve a federal controversy. See Holloway, 669 F.3d at 452-53. The facts do not plausibly allege a due process or other constitutional violation. For example, there is no allegation of official action intended to injure which could rise to the level of conscience-shocking. See Huggins v. Prince George's Cnty., 683 F.3d 525, 535 (4th Cir. 2012). Accordingly, Plaintiff has failed to allege sufficient factual allegations to raise a plausible ground of federal question subject matter jurisdiction. See Wiggins v. 11 Kew Garden Court, No. 12-1424, 2012 WL 3668019, at *2 (4th Cir. Aug. 28, 2012).

PJG

Lastly, Plaintiff's allegations are so lacking in specificity or are so insubstantial and conclusory that they do not plausibly allege that any defendant is a person acting under the color of state law. While it is true that a municipality may be sued under § 1983, Plaintiff has not alleged that official county policy caused his injury. See Connick v. Thompson, 131 S.Ct. 1350, 1359 (2011) (explaining the circumstances when a municipality can be liable under § 1983). Further, a tax administration office either is a building or may be considered to be staff or a group of people, but neither can be sued pursuant to § 1983. See Harden v. Green, 27 F. App'x 173, 178 (4th Cir. 2001) (finding that the medical department of a prison is not a person pursuant to § 1983); Nelson v. Lexington Cnty. Det. Ctr., C/A No. 8:10-2988-JMC, 2011 WL 2066551, at *1 (D.S.C. May 26, 2011) (finding that a building, detention center, is not amenable to suit under § 1983). Thus, Plaintiff has failed to allege facts which set forth a federal question claim cognizable in this court.

## RECOMMENDATION

Accordingly, the court recommends that the Complaint in the above-captioned case be dismissed without prejudice and without issuance and service of process because the court lacks subject matter jurisdiction.

*Paige J. Gossett*
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

September 25, 2012
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).